# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-80172-BLOOM/Brannon

ELROY A. PHILLIPS,

      Plaintiff,

v.

CITY OF WEST PALM BEACH, *et al.*,

      Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon the City of West Palm Beach's ("City") Motion to Dismiss Plaintiff's Amended Complaint with Prejudice, ECF No. [45] ("City's Motion to Dismiss"); Brian Kapper and Bradley Emmons's (the "Officers") Motion to Dismiss the Amended Complaint, ECF No. [58] ("Officers' Motion to Dismiss"); and Defendant Michael Ghent's ("Ghent") Motion to Dismiss the Amended Complaint, ECF No. [64] ("Ghent's Motion to Dismiss"). For the reasons explained below, all three Motions are granted in part and denied in part.

## I. BACKGROUND

Plaintiff, a *pro se* litigant, filed the original complaint on February 14, 2018. *See* ECF No. [1]. The original complaint consisted of five counts only against the City for "violation of the Plaintiff's Fourth, Fifth, Sixth and Eight [*sic*] Amendment rights." *Id.* at ¶ 5. On April 5, 2018, the City moved to dismiss Plaintiff's original complaint. *See* ECF No. [16]. Plaintiff thereafter filed a Motion for Leave to Amend Complaint to Add Additional Parties, which was granted. *See* ECF Nos. [27] and [28]. Upon filing the Amended Complaint, Plaintiff named

three more Defendants in both their official and individual capacities: former West Palm Beach Police Officer Michael Ghent ("Ghent") and current officers Brian Kapper ("Kapper") and Bradley Emmons ("Emmons").  ECF No. [33] at ¶¶ 6-7.

The Amended Complaint raises claims relating to Plaintiff's arrest in 2001 and conviction for two crack-cocaine related charges in 2003.  *Id.* at ¶¶ 12, 15.  In total, Plaintiff was convicted on five different counts in the underlying criminal proceedings: (1) Count 1: conspiracy to sell less than five grams of crack cocaine, (2) Count 9: distribution of crack cocaine, (3) Count 11: simple possession of powder cocaine, (4) Count 14: felon in possession of .38-caliber ammunition, and (5) Count 17: felon in possession of ammunition.  *See* ECF No. [67] at 39.  The allegations in the Amended Complaint only pertain to Plaintiff's  convictions for Count 1 and Count 9, which the Eleventh Circuit vacated in 2017.  *See* ECF No. [33] at ¶ 26.  As it relates to his conviction for Counts 1 and 9, Plaintiff alleges that Ghent and the Officers procured the issuance of an arrest warrant from a magistrate judge based on the false claim that Ghent witnessed Plaintiff selling crack-cocaine in 2001.  *Id.* at ¶12.  Further, Plaintiff alleges that Ghent and the Officers provided what they knew to be false information to federal law enforcement and to the district court that "Ghent had witnessed Plaintiff distribute crack cocaine and conspired to distribute crack cocaine."  *Id.* at ¶ 10.  All of these actions were taken to establish false probable cause to arrest Plaintiff for crimes he states he did not commit.  *Id.* at ¶ 11.  During the trial in federal court, Ghent testified before the jury and stated that he witnessed Plaintiff sell crack-cocaine.  *Id.* at ¶ 14.  This testimony led to Plaintiff's conviction on December 20, 2002 and a resulting sentence of thirty years in federal prison on August 19, 2003 for the five aforementioned counts.  *Id.* at ¶ 15. Plaintiff alleges that the Officers "negligently" failed to expose Ghent's testimony as false during the trial.  *Id.* at ¶ 16.  Plaintiff also alleges that

the Officers falsified documents and lied to the United States Attorney's Office ("USAO") to hide their participation in the framing and maintenance of Plaintiff's wrongful conviction. *Id.* at ¶ 17.

With this background, Plaintiff's Amended Complaint consists of five counts. Count I appears to be a malicious prosecution claim under either state law or 42 U.S.C. § 1983 ("§ 1983") against Officers Ghent, Kapper, and Emmons in their individual capacities. *Id.* at ¶ 21. Count II is a malicious prosecution claim under § 1983 against the City and the West Palm Beach Police Department ("WPBPD"). *Id.* at ¶ 31. Count III is a § 1983 false imprisonment claim against Officers Ghent, Kapper, and Emmons individually. *Id.* at ¶ 43. Count IV is a § 1983 false imprisonment claim against the City and the WPBPD. *Id.* at ¶ 50. Count V appears to be a claim for a violation of Plaintiff's Sixth Amendment right to counsel. *Id.* at ¶ 60-61.

The City filed its Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. [45]. The City also seeks dismissal of the claims against the WPBPD, arguing it is not a legal entity, as well as dismissal of the claims against Officers Ghent, Kapper and Emmons in their official capacity, arguing that it is duplicative of Plaintiff's claims against the City. *Id.* at 4. In his Response,[1] Plaintiff conceded three points: (1) the WPBPD is not a legal entity and should be dismissed from the action, (2) his lawsuit against the officers in their official capacities is simply a suit against the City and is thus unnecessary, and (3) Count IV should be voluntarily dismissed. *See* ECF No. [47]. The City thereafter filed its Reply. *See* ECF No. [54]. The Motion is now ripe for review. In light of Plaintiff's three concessions, the Court addresses those matters that remain in dispute.

---

[1] Plaintiff mistakenly labeled his Response as a "Reply."

The Officers filed their own Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. [58] at 1. The Officers seek dismissal of both Counts I and III. *Id.* They argue that Count III requires dismissal pursuant to qualified immunity while Count I must be dismissed because Plaintiff failed to state a claim for malicious prosecution. *Id.* at 4, 12. Plaintiff's Response concedes that Count III should be voluntarily dismissed and clarifies that Count I is a Florida common law claim for malicious prosecution. *See* ECF No. [67] at 4, 9. In light of these concessions, the Court addresses those matters in dispute.

Similar to the Officers Motion, Ghent's Motion to Dismiss seeks to dismiss Counts I and III, asserting that Count I is barred as there existed probable cause for Plaintiff's arrest. *See* ECF No. [64] at 6. He also argued that Count III requires dismissal because of the statute of limitations, the existence of probable cause, and because Plaintiff was arrested pursuant to legal process. *Id.* at 3-6. In his Response, Plaintiff agrees to voluntarily dismiss Count III against Ghent for false imprisonment. *See* ECF No. [82] at 1. As to malicious prosecution, Plaintiff argues that his claim against Ghent is a § 1983 claim, which contradicts the indications from his Response to the Officer's Motion to Dismiss. *Id.* at 5; *See* ECF No. [67] at 9. Further, Plaintiff argues that Ghent misconstrued the Eleventh Circuit's opinion from the underlying criminal proceeding in order to establish probable cause and bar Count I. *See* ECF No. [82] at 8. The Court will address the dispute regarding Count I in light of the argument asserted by Ghent.

## II.    LEGAL STANDARD

### a.    Motion to Dismiss

For civil actions, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

### b. *Pro se* **Litigants**

Courts must liberally construe all pleadings submitted by a *pro se* litigant. *See Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla 2004). Notwithstanding such leniency, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *Id.* (quoting *GJR Investments Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). That is, "[t]he Court cannot simply 'fill

in the blanks' to infer a claim." *Grady v. Georgia Dep't of Corr.*, No. CV409-103, 2010 WL 322881, at *2 (S.D. Ga. Jan. 27, 2010). In determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations" while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

## III. DISCUSSION

The City, Officers, and Ghent raise several bases for dismissal of the Amended Complaint, including (1) that it is a shot-gun pleading, (2) it fails to state a claim for municipal liability, (3) there exists probable cause, (4) the statute of limitations has expired, and (5) the action is barred by the *Heck* Doctrine. In addition, the City requests that the Court take judicial notice of certain public records in the underlying criminal case and on appellate review. The Court will address each argument in turn.

### a. The Amended Complaint is a Shot-gun Pleading

Both the City and the Officers seek to dismiss the Amended Complaint as an impermissible shot-gun pleading. *See* ECF No. [45] at 5; ECF No. [58] at 4. The Eleventh Circuit has identified four types of pleading deficiencies that are considered a shot-gun pleading, the most common of which applies directly to the Amended Complaint here. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015)*; McNamara v. Florida Power & Light Co.*, No. 17-CV-81181, 2018 WL 582537, at *2 (S.D. Fla. Jan. 29, 2018). This iteration occurs when there are "multiple counts, where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321; *see also Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 205 F.3d 1293, 1295 (11th

Cir. 2002) (describing the quintessential shot-gun pleading as containing "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions").

Plaintiff argues that "there is no technical form of pleading required," ECF No. [47] at 4. However, a review of the Amended Complaint reveals it is a quintessential shot-gun pleading. While Count I properly realleges the general allegations in paragraphs 1 through 19, ECF No. [33] at ¶ 20, the first paragraph of every successive count incorporates all preceding allegations, including those from other unrelated counts. For example, Count II "realleges and reavers paragraphs 1 thru 19 and 20 thru 30," Count III "realleges and reavers paragraphs 1 thru 19 and 21 thru 30, 31 thru 41 as fully restated herein," and Count IV "realleges and reavers paragraphs 1 thru 19 and 20 thru 48 as if fully restated herein." *Id.* Count V takes a different approach, but effectively does the same by alleging: "The Defendant Officers Ghent, Kapper, Emmons, and Unknown Officers, instituted and had carried out, the false arrest, imprisonment, malicious prosecution and deprivation of Plaintiff's rights as alleged in Count I-IV above." *Id.* at ¶ 59. Plaintiff's approach of incorporating all successive allegations into each count leads to a situation in which claims against the City include extraneous allegations against the officers and vice versa. This shot-gun approach requires dismissal of the Amended Complaint.

Although a shot-gun pleading is subject to dismissal, dismissal with prejudice for a pleading defect usually calls for at least one opportunity to amend to correct such a defect. *See Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000); *Isbrandtsen Marine Servs., Inc. v. M/V INAGUA Tania*, 93 F.3d 728, 734 (11th Cir. 1996); *Bank v. Pitt*, 928 F.3d 1108 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a

plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").  Although the Court has already granted Plaintiff leave to amend once so that he could add Officers Ghent, Emmons and Kapper as Defendants, the Court is mindful that Rule 15(a)(2) requires that courts freely give leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  When considering whether leave should be given, a court considers factors such as "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party … and futility of amendment."  *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)).  Although the Amended Complaint constitutes a shot-gun pleading, dismissal with prejudice is not warranted at this juncture. The Court has not ruled previously on the sufficiency of the original Complaint and it would not be futile to allow Plaintiff one additional opportunity to correct the pleading deficiency.

### b.  Judicial Notice

Before addressing the substance of Defendants' remaining arguments, the Court considers the City's request to take judicial notice of findings by the "reviewing appellate court upholding the arrest of Plaintiff, the search of Plaintiff's residence, as well as three (3) of his criminal convictions."  ECF No. [45] at 6.  Plaintiff also attaches public records to his Response to the City and the Officers' Motions to Dismiss in an apparent request for judicial notice.  *See* ECF No. [67] at 11-84.  A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim.  *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Nevertheless, when reviewing a motion to dismiss under Rule 12(b)(6), "a

document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005). The Eleventh Circuit has determined that a court may take notice of public records when ruling on a motion to dismiss. *See Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1077 at n. 9 (11th Cir. 2013) (taking notice of state court documents for purposes of a 12(b)(6) motion to dismiss regarding a § 1983 claim); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999) (taking notice of public SEC records in dismissal stage); *Galstaldi v. Sunvest Communities USA, LLC*, 637 F. Supp. 2d 1045, 1054 (S.D. Fla. 2009) (taking notice of state court documents as public records at dismissal stage).

Here, the records at issue are authentic public records and are relevant to Plaintiff's claims, particularly in regard to the existence of probable cause barring the malicious prosecution claim. To support the existence of probable cause and dismissal of this claim, the City requests that the Court take notice of certain documents in Case No. 9:08-CV-81283-JAL consisting of ECF No. [360] pages 1-113 ("District Court's Omnibus Order") and ECF No. [380], pages 2-15 ("Eleventh Circuit's Opinion") reported at *Phillips v. United States of America*, 849 F.3d 988, 995 (11th Cir. 2017). Plaintiff does not object to the Court's consideration of such records in his Response, so the Court will grant the City's request and take judicial notice of the two documents.

In turn, the Court interprets Plaintiff's inclusion of Exhibit B to his Response to the Officers' Motion, consisting of ECF No. [281-1], pages 1-34 ("Factual Proffer") in Case No. 9:08-CV-81283-JAL, as a request to take judicial notice of a public record. The Officers referenced the Factual Proffer in support of their Reply to argue for the existence of probable cause without any objection to the Court's consideration of the public record. *See* ECF No. [70]

at 2. Because the Factual Proffer is both authentic and relevant to Plaintiff's claim, the Court will also take judicial notice of the document. The Court, therefore, takes judicial notice of the District Court's Omnibus Order, the Eleventh Circuit's Opinion, and the Factual Proffer.

### c. Count I: Malicious Prosecution

In Count I, Plaintiff asserts a malicious prosecution claim against the Officers and Ghent. *See* ECF No. [33] at 4. Plaintiff's Response to the Officers' Motion to Dismiss addresses the elements of a Florida common law claim for malicious prosecution. ECF No. [67] at 9; *See also* ECF No. [70] at 1. However, Plaintiff continually refers to Count I as a § 1983 malicious prosecution claim in his Response to Ghent's Motion to Dismiss. ECF No. [82] at 5. Although the latter and former types of claims are inherently similar, they are still completely separate causes of action that cannot be brought simultaneously in the same count. To state a § 1983 claim for malicious prosecution, Plaintiff must prove "(1) the elements of the common law tort for malicious prosecution, and (2) a violation of his or her Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004); *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003). Under Florida common law, six elements must be established to support a claim for the tort of malicious prosecution:

> (1) An original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Kingsland*, 382 F.3d at 1234; *see also Wood*, 323 F.3d at 881. The Officers raise several arguments in support of dismissal, including that (i) the officers were not the legal cause of the original proceeding, (ii) probable cause existed based on Florida's fellow officer rule,

(iii) probable cause for Plaintiff's June 8, 2001 arrest bars this claim, and (iv) Plaintiff has not alleged facts supporting the finding of malice on the part of the Officers. *See* ECF No. [58] at 12-13; ECF No. [70] at 2. Ghent raises only one ground for dismissal based on probable cause, which the Court rejects as explained below. *See* ECF No. [70] at 7. In order to state a valid claim, Plaintiff must clearly establish what type of malicious prosecution claim he is bringing. Although this Amended Complaint will be dismissed without prejudice as a shot-gun pleading, the Court will address the remaining disputed arguments as to Count I to determine whether Plaintiff can state a claim for malicious prosecution based on the common law elements.

i. Legal Cause

The Officers first assert that the malicious prosecution claim requires dismissal because they were not the legal cause of the original proceeding. ECF No. [58] at 12. Police officers are typically not the legal cause of a criminal proceeding if they were uninvolved in the decision to prosecute, did not "improperly influence" the decision to prosecute, or did not conceal relevant information from the prosecutor. *See Eubanks v. Gerwen*, 40 F.3d 1157, 1160 (11th Cir. 1994); *see also Williams v. Miami-Dade Police Dep't.*, 297 F. App'x 941, 947 (11th Cir. 2008). However, legal cause is established where the malicious prosecution claim is based upon officers fabricating "false and misleading evidence" that is eventually presented to a prosecutor, in turn influencing the decision to prosecute the accused. *See Williams*, 297 F. App'x at 947; *see also Blackshear v. City of Miami Beach*, 799 F. Supp. 2d 1338, 1347 (S.D. Fla. 2011).

While the Amended Complaint states that "the original proceeding was commenced by the United States Attorney's Office," Plaintiff has alleged sufficient facts to show that the Officers were the legal cause of the proceeding. ECF No. [33] at ¶ 25. The Officers emphasize that the Amended Complaint alleges they were only responsible for informing the prosecutors

that "Ghent, was an eyewitness, which at best, amounts to hearsay." ECF No. [58] at 12; ECF No. [33] at ¶ 25. Although this may be true, Plaintiff alleges that this information was instrumental in improperly influencing the finding of probable cause for Plaintiff's arrest warrant. ECF No. [33] at ¶¶ 12, 21. Further, Plaintiff alleges the Officers provided "false and fabricated information" with knowledge that it would lead to Plaintiff's prosecution, explicitly stating that they knew they were giving misleading evidence to a prosecutor that influenced the decision to prosecute. *Id.* at ¶¶ 22, 28. As such, the Court finds that the Amended Complaint sufficiently alleges that the Officers were the legal cause of the criminal proceedings.

ii. Fellow Officer Rule

Next, the Officers argue that Count I is barred under the fellow officer rule, which they claim would have allowed the Officers to assume that probable cause existed based on Ghent's assertions. ECF No. [58] at 13. Based on the pleadings, however, the Court concludes that Plaintiff has alleged sufficient facts in the Amended Complaint to show that there was no probable cause regardless of the fellow officer rule.

Florida's fellow officer rule arises from Florida Statute § 901.18, which states in part that "a person commanded to aid a peace officer shall have the same authority to arrest as that peace officer and shall not be civilly liable for any reasonable conduct in rendering assistance to that officer." Fla. Stat. § 901.18. As applied, "Florida's 'fellow officer rule' states that, when an arresting officer was absent for a significant portion of events giving rise to probable cause, the arresting officer may rely upon his fellow officer's judgment about probable cause." *See Williams*, 297 F. App'x at 946; *see also Sebastian v. Ortiz*, No. 16-20501-CIV, 2017 WL 4382010, at *5 (S.D. Fla. Sept. 29, 2017) (finding the fellow officer rule to apply in both a common law malicious prosecution claim and a § 1983 claim). To receive protection from the

rule, however, there must be no evidence that the officer knew that the information relied upon is false. *See Williams*, 297 F. App'x at 946.

In the Amended Complaint, Plaintiff repeatedly alleges that the Officers knew the information obtained from Ghent regarding the allegedly fabricated meeting giving rise to probable cause for the arrest warrant was false. *See* ECF No. [33] at ¶¶ 10, 11, 12, 19, 21, 22, 23. Further, by allegedly conveying this information to federal entities, it led directly to the criminal proceedings asserted against Plaintiff. *Id.* at ¶ 22-23, 28. Taking all allegations and inferences therefrom as true for purposes of the Motion to Dismiss, Plaintiff has sufficiently pled Count I in a manner that does not afford the Officers the protection of Florida's fellow officer rule.

### iii. Probable Cause

The Officers make another argument relating to the existence of probable cause, which would preclude a cause of action for malicious prosecution if true. *See* ECF No. [58] at 13; *See Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010) (noting that the existence of probable cause defeats a malicious prosecution claim); *See also Wood*, 323 F.3d at 882. In his Response, Plaintiff attaches the Factual Proffer filed jointly by Plaintiff and the USAO to vacate his criminal convictions for conspiracy to distribute crack cocaine and distribution of crack cocaine. *See* ECF No. [67] at 27, 38-39. As the Officers note in their Reply, the Factual Proffer reveals there was probable cause to arrest Plaintiff on June 8, 2001 which led to his conviction for possession of powder cocaine. *See id.; see also* ECF No. [70] at 2; *Phillips v. United States of America*, 849 F.3d 988, 995 (11th Cir. 2017). Thus, the Officers' argue that Plaintiff established probable cause for his own arrest by the inclusion of the Factual Proffer.[2] *See* ECF

---

[2] Plaintiff requested an opportunity to file a Sur-Reply to the Officers' Reply in Support of their Motion to Dismiss, which was granted. *See* ECF No. [76]. In the Sur-Reply, Plaintiff points out that the Officers'

No. [70] at 2. However, Plaintiff is not suing the Officers based upon this arrest or conviction for possession of powder cocaine. In fact, the Amended Complaint does not allege that Plaintiff's conviction under Count 11 for possession of powder cocaine was ever challenged or vacated and the Eleventh Circuit's Order notes that any challenge as to Count 11 was not the subject of the motion to vacate and had been abandoned. *See Phillips*, 849 F.3d at 991 ("The parties jointly agreed that the conviction for Count 11 should remain."). Instead, Plaintiff sues the Officers for criminal convictions that are unrelated to the events and arrest leading to the conviction for possession of powder cocaine in Count 11. *Id.*

In the context of a malicious prosecution action, "probable cause as to one charge will not bar a malicious prosecution claim based on a second, distinct charge as to which probable cause was lacking." *Elmore v. Fulton Cty. Sch. Dist.*, 605 F. App'x 906, 915 (11th Cir. 2015) (quoting *Holmes v. Vill. of Hoffman Est.*, 511 F.3d 673, 682-83 (7th Cir. 2007)); *see also Uboh v. Reno*, 141 F.3d 1000, 1005 (11th Cir. 1998). Rather than suing the Officers for his possession of powder cocaine conviction, Plaintiff only sues them regarding his convictions for distribution of crack cocaine (Count 9) and conspiracy to distribute crack cocaine (Count 1). *See* ECF No. [33] at 18. The latter convictions allegedly occurred as a direct result of the fabricated transaction with Ghent on April 6, 2001. The Amended Complaint is devoid of any malicious prosecution

---

characterization of the Factual Proffer, ECF No. [67] at 26-60, attached to Plaintiff's Response was misleading and false. In support of his argument, he attaches several witness affidavits, which is inappropriate for more than one reason. First, unlike public records, the Court cannot consider affidavits on a motion to dismiss. Further, Plaintiff's attempt to raise new arguments by way of supporting affidavits violates the spirit of a Sur-Reply. Local Rule 7.1(c) provides that a reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without re-argument of matters covered in the movant's initial memorandum of law." S.D. Fla. L.R. 7.1(c). "A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence." *Intra-Lock Int'l, Inc. v. Choukron*, No. 14-cv-80930, 2015 WL 1268278, at *1 (S.D. Fla. March 19, 2015)(quoting *Baltzer v. Midland Credit Mgmt., Inc.*, No. 14-20140-CIV, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014)). To the extent that Plaintiff files affidavits containing new arguments on a Sur-Reply, those arguments are improper and will not be considered.

allegations referencing the June 8 arrest or conviction for possession of powder cocaine. Rather, the Amended Complaint seeks to hold the Officers liable for their purported fabrication of probable cause that led to the criminal convictions for distribution of crack cocaine and conspiracy to distribute crack cocaine. For instance, Count I alleges that the Officers and Ghent "effectuate[d] [Plaintiff's] arrest, malicious prosecution, and conviction" by "providing knowing false information and statements to federal law enforcement and the United States Federal Court, *to the extent that Ghent had witnessed Plaintiff distribute crack cocaine and conspired to distribute crack cocaine*." *Id.* at ¶¶ 28, 10 (emphasis added); *see also id.* at ¶ 25. The purported "false information" that the Officers were allegedly complicit in fabricating and disseminating formed the basis for both the federal Criminal Complaint and the arrest warrant issued by the magistrate judge on June 7, 2001. *See* ECF No. [67] at 29. Further, the convictions under Counts 1 and 9 are the only proceedings that terminated in a bona fide manner, a necessary element of a malicious prosecution claim. *See id.* at ¶ 26. Therefore, the Court rejects the Officers' use of an unrelated event and arrest to establish the existence of probable cause for Count I of the Amended Complaint.

### iv. Malice

The Officers also argue that any allegations concerning malice are merely conclusory and draw attention to Count I's incorporation of allegations that the Officers operated in a negligent, rather than malicious manner. ECF No. [58] at 13. Based on the allegation of negligence, the Officers point out that they are immune from suit for negligent acts undertaken in the course and scope of employment. *Id.*; Fla. Stat. § 768.28. While it is true that the Officers are immune for negligent acts, Count I sufficiently alleges the element of malice for a malicious prosecution claim even though it incorporates an allegation of negligence.

A plaintiff need not prove actual malice for malicious prosecution because legal malice is sufficient. *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So.2d 1352, 1357 (Fla. 1994); *Zargari v. United States*, 658 F. App'x 501, 510 (citing *Alamo Rent-A-Car*) (allowing a jury to infer malice for the purpose of malicious prosecution). Malice can thus be inferred from "a lack of probable cause, gross negligence, or great indifference to persons, property or the rights of others." *Alamo Rent-A-Car*, 632 So.2d at 1357; *Adams v. Whitfield*, 290 So.2d 49, 51 (Fla. 1974) ("Legal malice may be inferred entirely from a lack of probable cause.").

The Amended Complaint sufficiently alleges distinct facts that allow for an inference of malice. For example, the allegation that the Officers' actions were based on the fabrication of probable cause is intrinsically connected to the inference of malice. *See Adams*, 290 So.2d at 51. Further, the allegations in Count I, which center around "effectuat[ing] his arrest, malicious prosecution, and conviction" under false pretenses, suggest an inherent indifference to Plaintiff's rights. *See* ECF No. [33] at ¶ 28. Although Plaintiff incorporated an allegation of negligence in Count I, this does not negate other facts constituting legal malice for the purpose of pleading a claim for malicious prosecution. Further, the allegation concerning negligent conduct does not directly pertain to the malicious prosecution of Plaintiff or the commencement of proceedings against him. ECF No. [33] at ¶ 16. Rather, it simply alleges that the Officers had the knowledge and opportunity to alert the Court that the basis of Plaintiff's criminal convictions were false, but did not do so. *Id.* Because the allegations directly pertaining to the malicious prosecution claim were sufficiently pled as malicious and not as negligent, a request for dismissal must be denied at this juncture.

v. <u>Ghent's Probable Cause</u>

Ghent offers one additional ground for dismissal in his Motion to Dismiss. *See* ECF No. [64] at 7. Ghent claims that because "justifiable probable cause was found as to other serious crimes for which Plaintiff was convicted, Plaintiff's claim for malicious prosecution" is barred. *Id.* In support of this assertion, Ghent cites to *Cottam v. Pelton*, 5:16-cv-413-OC-30PRL, 207 WL 8751732, at *4 (M.D. Fla. Dec. 8, 2017), a case in which a police officer prevailed on summary judgment in a § 1983 malicious prosecution claim based on the finding of probable cause. *See id.* at *6. However, *Cottam* does not support Ghent's probable cause argument.

In *Cottam*, an individual sued a police officer after being arrested for evading and eluding the officer attempting to pull him over. *Id.* at *1-2. After being arrested, the offender was released and the criminal charge was later dismissed. *Id.* at *1. In the subsequent civil action, the officer successfully moved for summary judgment on all counts, including malicious prosecution. *Id.* at *8. It was undisputed in *Cottam* that the officer had probable cause to arrest and charge the plaintiff with fleeing and eluding an officer under Florida Statute § 316.1935(1) and the same facts would have allowed his prosecution under subsection (2) of the same statute. *Id.* at *7. *Cottam*, however, does not support Ghent's suggestion that probable cause for one crime equates to probable cause for all crimes. In fact, Eleventh Circuit case law holds otherwise. *See Elmore*, 605 F. App'x at 915 (quoting *Holmes*, 511 F.3d at 682-83) ("Probable cause as to one charge will not bar a malicious prosecution claim based on a second, distinct charge as to which probable cause was lacking."); *see also Uboh* 141 F.3d at 1005.

Thus, Ghent's Motion to Dismiss based upon the existence of probable cause is denied.

### d.  Count II: § 1983 Malicious Prosecution

#### i.  Failure to State Municipal Liability

In Count II, Plaintiff asserts a claim for malicious prosecution against the City.  *See* ECF No. [33] at 5.  In doing so, the Amended Complaint seeks to establish the municipality's liability using two different statutory theories - direct liability under § 1983 and vicarious liability under Florida Statute § 768.28.  *Id.* at ¶ 40; ECF No. [47] at 5.  These statutes, however, are separate from one another and establish municipal liability in different ways. *See Hufford v. Rodgers*, 912 F.2d 1338, 1341 (11th Cir. 1990) (explaining that the state sovereign immunity statute does not apply to § 1983 claims).  Regardless of the theory of liability applied in Count II, the Court finds that Plaintiff fails to state a claim for municipal liability under either § 1983 or § 768.28.

Starting with Plaintiff's claim for malicious prosecution under § 1983, Plaintiff must prove "(1) the elements of the common law tort for malicious prosecution, and (2) a violation of his or her Fourth Amendment right to be free from unreasonable seizures."  *Kingsland*, 382 F.3d at 1234; *see also Wood*, 323 F.3d at 881.  However, establishing the Fourth Amendment and common law elements do not, standing alone, establish that a municipality is liable.

In *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978), the United States Supreme Court set forth the standard for holding a municipality liable pursuant to § 1983.  The Supreme Court explained that a municipality will not be held liable "solely because it employs a tortfeasor" for the purposes of a § 1983 claim.  *Id.* at 691; *Bd. of Cty. Comm'r of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of *respondeat superior*").  Rather, to impose liability on a municipality under § 1983, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  *Brown*, 520 U.S. at 403; *Monell*, 436 U.S. at 694 ("It is when execution of

a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983"). However, simply identifying violative conduct is not enough to establish a policy or custom because there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *see also Brown*, 520 U.S. at 404 (requiring that "through its deliberate conduct, the municipality was the 'moving force'" behind the injury suffered) (quoting *Monell*, 436 U.S. at 694). The Eleventh Circuit Court of Appeals has delineated the ways in which municipal liability can be established as follows:

> There are, however, several different ways of establishing municipal liability under §1983. A municipality can be liable for an official policy enacted by its legislative body (e.g., an ordinance or resolution passed by a city council). *See Monell*, 437 U.S. at 661, 694-95, 98 S. Ct. 2018; *McKusick v. City of Melbourne*, 96 F.3d 478, 483 (11th Cir. 1996). Municipal liability may also attach if final policymakers have acquiesced in a longstanding practice that constitutes the entity's standard operating procedure. *See Bd. of Cty. Commissioners v. Brown*, 520 U.S. 397, 403-04, 117 S.Ct 1382, 137 L.Ed.2d 626 (1997); *Brown v. City of Ft. Lauderdale*, 923 F.2d 1474, 1481 n. 11 (11th Cir. 2002). And a municipality can be held liable "on the basis of ratifications when a subordinate public official makes an unconstitutional decision and when that decision is then adopted by someone who does have final policymaking authority." *Matthews v. Columbia County*, 294 F.3d 1294, 1297 (11th Cir. 1996).

*Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016).

While there is no heightened pleading standard required to establish municipal liability under § 1983, the Amended Complaint still fails to state a claim imposing municipal liability. *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). The Amended Complaint lists four different "practices" that Plaintiff alleges to establish a claim for municipal liability as follows:

> a. The City and WPBPD failed to adequately investigate and discipline its officers after being made aware that Plaintiff was framed by Ghent and Kapper and having reports of similar misconduct which permitted, authorized or encouraged the Defendant Officers to malicious [*sic*] prosecute, have Plaintiff falsely arrest

and cover-up said malicious prosecution of Plaintiff, and Defendant Ghent and Kapper's culpability thereto;

b. The City and WPBPD intentionally retained the subject officers and failed to discipline them despite their histories of abusive and dishonest conduct in their employment as police officers;

c. The City and WPBPD had a custom of permitting officers to frame persons, alter and manipulate the records and log books of drug evidence, to support the framing of citizens and the Plaintiff.

d. The City and WPBPD failed to effectively investigate officers after citizen complaints have been filed causing its officers to know that they can cover-up their culpability in framing citizens and Plaintiff.

ECF No. [33] at ¶ 31(a)-(d).

The City correctly points out that none of these allegations constitute an official policy promulgated by a legislative body or establish that an individual with "final policymaking authority" adopted Ghent's actions. *See* ECF No. [16] at 8.; *see also Matthews v. Columbia Cty.*, 294 F.3d 1294, 1297 (11th Cir. 1996). However, Plaintiff alleges a practice or custom that could be construed as a longstanding violation of his rights that the municipality "acquiesced in." *See Hoefling*, 811 F.3d at 1279; *Brown*, 520 U.S. at 404 ("An act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law."). With that said, the Amended Complaint's allegations are conclusory, offering no factual allegations to support alleged customs that encompass more than this instance. *Depew v. City of St. Mary's*, 787 F.2d 1496, 1499 (11th Cir. 1986) ("Normally random acts or isolated incidents are insufficient to establish a custom or policy."); *Smith v. Mercer*, 572 F. App'x 676, 679 (11th Cir. 2014) ("Plaintiff must identify a consistent and widespread practice of constitutional deprivations to prove local government liability for an unofficial custom."). For example, the Amended Complaint states that the City had "a custom of permitting officers to

frame persons, alter and manipulate the records and log books of drug evidence." ECF No. [33] at ¶ 31 (c). Plaintiff, however, does not state the extent or manner in which the City acquiesced in this custom such that it could be considered the "moving force" behind Ghent's actions and the widespread actions of other officers. *See Brown*, 520 U.S. at 404; *Monell*, 436 U.S. at 694. The Amended Complaint contains nothing more than "legal conclusion[s] couched as a factual allegation" as it pertains to the City's liability. *Twombly*, 550 U.S. at 555 (2007); *Iqbal*, 556 U.S. at 678; *Thaeter*, 449 F.3d at 1352. Thus, Plaintiff has failed to state a claim for municipal liability under § 1983. The Court will permit Plaintiff the opportunity to file an amended pleading, and to the extent that Plaintiff seeks to pursue the claim for municipal liability under § 1983, Plaintiff's allegations must comply with the requirements of *Monell* set forth above.

Count II also attempts to establish municipal liability by alleging that the City should be vicariously liable under § 768.28. ECF No. [33] at 40. Plaintiff also fails to state a claim under Florida law for the tort of malicious prosecution. Section 768.28(9)(a) provides, in pertinent part, that

> The **exclusive** remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, **unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property**. The state or its subdivisions **shall not be liable in tort** for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or **committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property**.

Fla. Stat. § 768.28(9)(a) (emphasis added). Because the City retains its sovereign immunity where an officer acts maliciously, a common law malicious prosecution claim against a

municipality is barred under Florida law *per se*. *See Weiland*, 792 F.3d at 1330 (noting that "Florida courts have long recognized that Fla. Stat. § 768.28(9)(a)" bars any claim against the municipality for malicious prosecution) (citing *Johnson v. State Dep't of Health & Rehab. Servs.*, 695 So. 2d 927, 930 (Fla. 2d DCA 1997)). The Amended Complaint, therefore, fails to state a claim for municipal liability against the City under Florida law.

ii. <u>Probable Cause</u>

The City also argues that there was probable cause for the arrest and prosecution for Count II, which would bar any malicious prosecution claim. *See* ECF No. [45] at 7. The Eleventh Circuit has expressly stated that the existence of probable cause will bar any malicious prosecution claim. *See Grider*, 618 F.3d 1240 at 1256; *see also Wood*, 323 F.3d at 882. In support of its argument, the City directs the Court to the existence of a search warrant that led to Plaintiff's convictions for ammunition charges.[3] Plaintiff responds that the Eleventh Circuit's ruling was limited to the search warrant that led to the ammunition charges as opposed to the arrest warrant that led to the crack-cocaine distribution charges. ECF No. [47] at 8. It is the latter charges that terminated in a bona fide manner and for which Plaintiff claims there was no probable cause. The Court agrees with Plaintiff.

As the Court explained above, in the context of a malicious prosecution action, "probable cause as to one charge will not bar a malicious prosecution claim based on a second, distinct charge as to which probable cause was lacking." *Elmore*, 605 F. App'x at 915 (quoting *Holmes*, 511 F.3d at 682-83). In Plaintiff's appeal of the District Court's Omnibus Order on his petition for writ of *habeas corpus*, the Eleventh Circuit concluded that there was sufficient evidence to justify probable cause for a post-arrest *search warrant* after excising Ghent's false testimony.

---

[3] As discussed above, the Court has taken judicial notice of the District Court's Omnibus Order and the Eleventh Circuit's Opinion wherein this search warrant is discussed.

*See Phillips*, 849 F.3d at 994. The Eleventh Circuit's Opinion, however, makes no mention of the *arrest warrant,* much less determine that probable cause existed for the issuance of the arrest warrant. Based on the existence of probable cause for the search warrant, Plaintiff's convictions for felon in possession of ammunition were not vacated. *Id.* The Amended Complaint is limited to claims for malicious prosecution for the vacated charges involving distribution of and conspiracy to distribute crack cocaine – claims directly related to the allegedly fabricated drug transaction with Ghent on April 6, 2001. *Id.*; ECF No. [33] at 18. Thus, the existence of probable cause for a later search warrant that led to felon-in-possession charges does not create probable cause for an earlier arrest for drug charges. Further, the Amended Complaint alleges that the affidavit used to procure the arrest warrant in the first place was based upon Ghent's allegedly false testimony that he saw Plaintiff sell crack-cocaine, which was used to file the Criminal Complaint against Plaintiff. *See* ECF No. [33] at 17; ECF No. [67] at 29. Therefore, Plaintiff has adequately alleged a lack of probable cause for the criminal charges involving distribution of crack-cocaine and conspiracy to distribute crack-cocaine. .

### iii. *Heck* Doctrine

Finally, as to Count II, the City asserts that all of Plaintiff's claims are barred because there was no bona fide termination of Plaintiff's prior convictions, thus making them barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* ECF No. [16] at 15. The City argues that it was forced to assert the *Heck* doctrine because the Amended Complaint is a shot-gun pleading, ECF No. [16] at 15, but it is evident the doctrine does not bar Plaintiff's claims.

For the purposes of a § 1983 claim, the *Heck* doctrine requires Plaintiff to prove that the "unconstitutional conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or

called into question by a federal court's issuance of writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The decision reiterates the element of the common law tort of malicious prosecution, whereby there must have been a bona fide termination of the criminal proceeding in favor of the plaintiff. *See Id.* ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). The City argues that this element cannot be met because three of Plaintiff's criminal convictions were not vacated and the search warrant was not invalidated. *See* ECF No. [16] at 15. Plaintiff responds by stating that a writ of *habeas corpus* on his convictions has been issued. *See* ECF No. [47] at 10. This assertion is correct, as the Eleventh Circuit, pursuant to 28 U.S.C. § 2255, vacated his convictions for conspiracy to distribute and distribution of crack cocaine. *See Phillips*, 849 F.3d at 995. As Plaintiff's claims for malicious prosecution are based solely on the convictions for conspiracy to distribute and distribution of crack cocaine - convictions that were vacated, the *Heck* doctrine does not bar his claims.

### d. Count III: § 1983 False Imprisonment

Plaintiff voluntarily dismissed Count III asserted against the Officers and Ghent.

### e. Count IV: § 1983 False Imprisonment

Plaintiff voluntarily dismissed Count IV asserted against the City.

### f. Count V: Sixth Amendment Claim Against the City

In Count V, the Amended Complaint alleges a claim for "violation and interference with right to counsel contrary to the Sixth Amendment." ECF No. [33] at 11 (caps omitted). Plaintiff seeks judgment against the City, which he is apparently attempting to pursue under Florida Statute § 768.28. The City argues that the claim should be dismissed because the statute of limitations bars it and because it is not a recognizable claim as pled. *See* ECF No. [45] at 8-9.

The Court agrees that the claim is not recognizable as pled, making it impossible for the Court to determine the applicable statute of limitations.

Specifically, the Amended Complaint alleges that Plaintiff's Sixth Amendment right to counsel was interfered with and violated, but does not invoke § 1983 as a basis to address his purported deprivation of constitutional rights. Instead, Plaintiff only references his satisfaction of the notice requirement under Florida Statute § 768.28. *See* ECF No. [33] at ¶ 62. As noted above, § 768.28 serves as Florida's limited waiver of sovereign immunity for tort claims, requiring "either an underlying common law or statutory duty of care with respect to the alleged negligent conduct." *Trianon Park Condo. v. City of Hialeah*, 468 So. 2d 912, 917 (Fla. 1985); *See also Novoferrero v. Israel*, No. 14-CIV-62674, 2015 WL 2152682, at *7 (S.D. Fla. May 6, 2015). Because the Amended Complaint fails to identify any common law or statutory basis for the assertion of the Sixth Amendment violation, Count V is dismissed without prejudice. Plaintiff will be given one final opportunity to draft a cognizable claim under Count V.

## IV.    CONCLUSION

For the reasons explained above, it is **ORDERED and ADJUDGED** as follows:

1. Defendant City of West Palm Beach's Motion to Dismiss Plaintiff's Amended Complaint With Prejudice, **ECF No. [45]**, is **GRANTED in part** and **DENIED in part consistent with this Order**.

2. Defendants Brian Kapper and Bradley Emmons' Motion to Dismiss the Amended Complaint, **ECF No. [58]**, is **GRANTED in part** and **DENIED in part consistent with this Order**.

3. Defendant Michael Ghent's Motion to Dismiss the Amended Complaint, **ECF No. [64]**, is **GRANTED in part** and **DENIED in part** consistent with this Order.

4. Pursuant to Plaintiff's voluntary dismissal of selected claims in the Amended Complaint, Count IV **DISMISSED,** all claims against the West Palm Beach Police Department are **DISMISSED,** and all claims against Officers Ghent, Kapper, and Emmons in their official capacities are **DISMISSED**.

5. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff shall file a Second Amended Complaint that is consistent with this Order no later than **August 9, 2018**.

**DONE AND ORDERED** in Miami, Florida, this 25th day of July, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Elroy A. Phillips
1437 7th Street
West Palm Beach, FL 33401
Pro Se